# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| **OKEFENOKEE FOREST PRODUCTS, INC.,** | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:05-cv-109 (HL) |
| | : | |
| **OHIO MULCH SUPPLY, INC.,** | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER FOR REMAND

Before this Court is a Motion for Remand (Doc. # 6) filed by Okefenokee Forest Products, Inc. ("Okefenokee").  For the reasons set forth below, Plaintiff's Motion is granted.

On July 30, 2004, Okefenokee filed a complaint in the Superior Court of Clinch County, Georgia against Ohio Mulch Supply, Inc. ("Ohio Mulch").  More than fifteen months later, on October 21, 2005, Ohio Mulch filed a Notice of Removal.  Okefenokee responded by filing a timely Motion for Remand, which argued removal was improper because "[a] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  28 U.S.C. § 1446(b).

State law controls when an action is commenced in state court, and a party commences an action in Georgia "by filing a complaint with the court."  Hattaway v. Engelhard Corp., 998 F. Supp. 1479, 1480 (M.D. Ga. 1998) (quoting O.C.G.A. § 9-11-3).  In this case, as previously

mentioned, the complaint was filed more than 15 months before Ohio Mulch filed its Notice of

Removal.  Therefore, jurisdiction in this Court is improper.

Okefenokee's Motion for Remand (Doc. # 6) to the Superior Court of Clinch County[1]

is granted.

SO ORDERED, this the 22nd day of November, 2005.


**s/   Hugh Lawson**

**HUGH LAWSON, JUDGE**


pdl

---

[1] In its Motion, Okefenokee requests that the Court remand this case to the Superior Court in Clinch County because that is the county where the parties had contractually fixed venue.  The Court expresses no opinion on any contract signed by the parties or any venue-fixing provisions contained therein.  "It is well-established that remanded cases must return to the state courts from which they were removed.  Federal district judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state, let alone courts of another state, regardless of jurisdiction, venue, and efficiency considerations favoring such an action."  14C Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3739 at 474-75 (3d ed. 1998) (footnotes omitted). Therefore, this case shall be remanded to the Superior Court of Clinch County, since that is the state court where Okefenokee originally filed this action and from which Ohio Mulch removed it.