IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **OKEFENOKEE FOREST PRODUCTS, INC.,** | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 7:05-cv-109 (HL) |
| **OHIO MULCH SUPPLY, INC.,** | : : | |
| Defendant. | : | |
| _____ | | |

## **ORDER**

Before this Court is a Motion to Alter Judgment (Doc. # 8) filed by Ohio Mulch Supply, Inc. ("Ohio Mulch") requesting the Court reconsider its earlier Order remanding this case (Doc. # 7). For the reasons set forth below, the Court concludes it lacks jurisdiction to reconsider its remand order.

**I.    FACTS AND PROCEDURAL HISTORY**

On July 30, 2004, Okefenokee Forest Products, Inc. ("Okefenokee") filed a complaint in the Superior Court of Clinch County, Georgia against Ohio Mulch. More than fifteen months later, on October 21, 2005, Ohio Mulch filed a Notice of Removal. Okefenokee responded by filing a timely Motion for Remand, which argued removal was improper because "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b) (1994). On November 22, 2005,

the Court remanded this case to the Superior Court of Clinch County for lack of jurisdiction. (Doc. # 7.) In response to remand order, Ohio Mulch filed a motion for reconsideration on December 1, 2005 (Doc. # 8).

**II.     ANALYSIS**

Ohio Mulch seeks reconsideration on the grounds that Okefenokee "waived its right to object to the removal of this case under 28 U.S.C. § 1446(b) . . . because [Okefenokee] concealed the amount of damages it was ultimately seeking to recover in this case in order to camouflage the issue of federal diversity." (Doc. # 8 at 3.) However, before it may examine the merits of this claim, the Court must first determine whether it has jurisdiction to consider Ohio Mulch's post-remand motion.

**A.     Reviewability Under 28 U.S.C.A. § 1447(d)**

Once a case has been remanded, 28 U.S.C. § 1447(d) provides that the district court's order "is not reviewable on appeal *or otherwise*." 28 U.S.C.A. § 1447(d) (1994) (emphasis added). Construing this section, the United States Court of Appeals for the Eleventh Circuit has held that neither appellate courts nor district courts have the authority to review remand orders. In re Loudermilch, 158 F.3d 1143, 1145 (11th Cir. 1998); Tipp v. AmSouth Bank, 89 F. Supp. 2d 1304, 1306 (S.D. Ala. 2000) ("The Eleventh Circuit has construed this language to mean that section 1447(d) 'not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order.'" (quoting Harris v. Blue Cross/Blue Shield of Ala., Inc., 951 F.2d 325, 330 (11th Cir. 1992))). The Eleventh Circuit has also noted that "the prohibition on review of remand orders is strict," Loudermilch, 158 F.3d at 1145 n.2, and emphasized that

2

"[c]ases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous." New v. Sports & Recreation, Inc., 114 F.3d 1092, 1096 (11th Cir. 1997) (citing In re Decorator Indus., Inc., 980 F.2d 1371, 1374 (11th Cir. 1992)).

However, section 1447(d) applies only to remand orders issued for reasons embodied in § 1447(c), e.g., for a lack of subject matter jurisdiction. See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 346 (1976). A remand order based on reasons other than those set forth in § 1447(c) is fully reviewable, and the district court that issued such a remand may reconsider it. See In re Shell Oil Co., 631 F.2d 1156, 1158 (5th Cir. 1980).[1] Thus, the Court's power to reconsider its remand order will depend on whether the order was issued pursuant to § 1447(c).

**B.    Basis for the Court's Order to Remand**

In the remand order at issue, the Court concluded that "[i]n this case, as previously mentioned, the complaint was filed more than 15 months before Ohio Mulch filed its Notice of Removal. Therefore, jurisdiction in this Court is improper." (Doc. # 7 at 1-2.) Although the remand order made no specific reference to § 1447(c), "a district court does not have to expressly state its reliance on section 1447(c) to preclude [reconsideration]. Rather a district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of the remand order." New, 114 F.3d at 1096 (citation omitted) ("reject[ing]

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

3

any requirement that the district court use 'magic words' in order to preclude appellate review.")

Here, the remand order states the removal was procedurally defective because Ohio Mulch removed the case more than 1 year after the commencement of the action, in violation of § 1447(b). "It is settled law that an untimely removal constitutes a defect in the removal process, and that a remand based upon such a defect is encompassed by § 1447(c)." Tipp, 89 F. Supp. 2d at 1307; see also Things Remembered v. Petrarca, 516 U.S. 124, 127-28 (1995); In re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324-25 (11th Cir. 1997). Therefore, because the Court remanded this case pursuant to § 1447(c), the Court is precluded by § 1447(d) from reconsidering that remand.

Thus, even were the Court to conclude that Okefenokee had waived its right to object to removal of this case and that the remand was improperly granted, "no review may be had: whether the district court's decision was correct or not makes no difference." Loudermilch, 158 F.3d at 1145. As aptly summarized by our sister court:

> in the words of the First Circuit: 'The district court has one shot, right or wrong.' Having taken that shot by remanding this case pursuant to section 1447(c), the court is rendered powerless by section 1447(d) to reconsider that order and determine whether its decision to remand was in fact correct.

Tipp, 89 F. Supp. 2d at 1307 (citing In re La Providencia Dev. Corp., 406 F.2d 251, 253 (1st Cir. 1969)).

For the foregoing reasons, the Court is without authority to reconsider the remand already entered.

SO ORDERED, this the 31st day of January, 2006.

        <u>s/   Hugh Lawson</u>

        **HUGH LAWSON, JUDGE**

pdl